## 9978

### WILLIAMS v. HOWARD, SHERIFF, ET AL.

#### (96 S. E. 251.)

TRESPASS—CONSENT.—A sheriff who without a warrant searches a store for contraband liquor, with the consent of an employee left in sole charge of the store, is not guilty of trespass.

Before SEASE, J., Aiken, Fall term, 1917.    Affirmed.

Action by J. W. Williams against H. H. Howard, sheriff of Aiken county, and S. E. Holley.    Judgment for defendants, and plaintiff appeals.

*Mr. J. E. Davis,* for appellant, cites: *As to the search of a person's premises without a search warrant and in the absence of the owner:* S. C. Const. (1895), art. I, sec. 16; Am. & Eng. Encyc. of Law (2d Ed.), vol. XXV, pp. 144-145; Am. & Eng. Encyc. of Law (2d Ed.), p. 151.

*Mr. J. B. Salley,* for respondent, cites: *As to search without warrant, but with consent of the person in charge of premises:* S. C. Const. (1895), Art. I, sec. 16; 35 Cyc., p. 1265, p. 1276; footnote on p. 1276; 31 Neb. —; 48 N. W. 388; 123 Iowa 368; 101 A. S. R. 323; 65 L. R. A. 519; 107 S. C. 306.    *No ground for new trial:* 78 S. C. 73; 86 S. C. 434.

June 22, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for damages.    The plaintiff alleged that his store was searched by the defendants under a pretext that they were searching for contraband liquor, that they had no warrant, and their actions were unlawful, wanton, and malicious.    Defendants by answer admit that they did search plaintiff's store for contraband liquor, the place being

reported to them, but they allege that the search and examination of the store were made by them with the express consent of the plaintiff acting through his employee, who was in charge of the premises. The case was tried at the Fall term of Court, 1917, for Aiken county, before Judge Sease and a jury, and resulted in a verdict in favor of defendants. After entry of judgment plaintiff appeals, and by three exceptions allege error.

The main question raised by the exceptions is: Did the defendants have the right to go in plaintiff's store and search it without a warrant, and with no other authority whatever except that of the clerk in charge of the store, who stated that, "So far as he was concerned, they could search," etc.? The evidence shows that the plaintiff had two stores, one at White Pond and one at Williston; that he lived at White Pond, but would go down to Williston every morning and stay there during the day and return home at night; that his brother, Tillman A. Williams, was left in sole charge of the store at White Pond, and ran the White Pond store for plaintiff. The sheriff and his deputies searched the store of Arthur Bell, and Bell reported to the sheriff that plaintiff had liquor in his store at White Pond, and complained that the sheriff did not search plaintiff's store. The sheriff and his deputy went to Williams' store, found the brother, T. A. Williams, in charge, and stated to him that the place had been reported to him as containing contraband liquor; that he had no warrant, and could not search it if he did not say so, and Tillman A. Williams, the brother, who was in charge of the store, told the sheriff to go right ahead and help himself. The sheriff was on the ground in front of the store when permission was given him to search. He made a search, found no whiskey, and came out. The brother, T. A. Williams, in charge of the store, had the right to permit the search. He was conscious that no contraband liquor was stored there, that he and his brother were not violators of the law, and, conscious of their innocence, he acted with

judgment and common sense, and told the sheriff to search without warrant and satisfy himself without going to the trouble to obtain a warrant, and while the sheriff was obtaining it be subject to suspicion and espionage. There is no doubt that the sheriff could not have searched the place without a warrant unless he obtained consent of the owner or some one sufficiently in possession to give that consent without being a trespasser and liable to damages. But the brother was lawfully placed in charge of the property by the owner, and gave permission to the sheriff, and the sheriff's search, though without warrant, was made under permission granted by the person in charge of the premises, and was not an unlawful trespass so as to make the sheriff liable in damages for so doing. A person in charge of the premises as developed in this case has the right to give such consent. The plaintiff himself testified that when he was away there was no other clerk, and T. A. Williams was in sole charge to look after it. We see no error on the part of his Honor in his rulings or charge, and we do not see in the whole case anything that would warrant a reasonable jury in rendering a different verdict.

Exceptions overruled.

Judgment affirmed.